ELBRIDGE G. BOOTHBY, *in Equity, versus* BANGOR COMMERCIAL BANK & *als.*

The right to redeem real estate, levied on execution, is limited to one year from the levy.

This principle is not altered by the 28th sect. of Rev. Stat. chap. 94. That section merely provides an additional mode of ascertaining the amount to be paid. That mode is by bill in equity. But such process must be commenced in season to have the amount ascertained and brought into Court, before the year, allowed for the redemption, has expired.

*J. A. Poor,* for plaintiff.

*Kent,* for defendants.

SHEPLEY, C. J. — This suit in equity is presented for decision on the bill, answers and proofs. The plaintiff claims the right to redeem certain real estate described, from a levy made upon it by Cyrus Goss, as the estate of Ebenezer French,

on January 6, 1842. The title so acquired by Goss, was conveyed to the Bank; and the right of French to redeem the estate had been acquired by the plaintiff, who on January 4, 1843, offered to pay to the bank the amount of the levy and interest thereon, demanded an account, and presented a deed prepared for execution. The plaintiff offers also in his bill to pay such sum, as may be found due, but there is no proof, that he tendered or brought into Court within one year after the levy was made, the sum at which the estate was appraised with interest thereon and expenses incurred for improvements, deducting the rents and profits received.

The counsel for the plaintiff contends, that by the provisions of the statute, chap. 94, sect. 28, the bill may be maintained without such proof.

If such a construction of that section were to be adopted, the effect would be a repeal, for all practical purposes, of so much of the twenty-fifth section, as limits the right to redeem an estate from a levy to one year, and the extension of that right for an indefinite time, by the mere act of filing a bill in equity, containing certain allegations, within one year. And after the Court had, by proceedings under it, caused the amount due to be ascertained, and had ordered it to be brought into Court, the plaintiff might omit or even refuse performance. He might, by the commencement of his suit, extend the right of redemption so long, as he could delay the ascertainment of the amount due, and thus secure the advantage to be derived from a rise in value; and by a discontinuance of it avoid any loss to be anticipated from a diminution of value.

The debtor or his assignee is obliged by the provisions of the twenty-fifth section, to make his election, and to tender within one year the amount due, if he would redeem. The amount may be ascertained according to the provisions of the twenty-sixth section, by three justices of the peace. By the provisions of the twenty-seventh section, a writ of entry may be maintained to recover the estate, after there has been a tender made of the amount due, within one year. It appears to have been the intention to provide by the twenty-eighth section, a

remedy by one process to accomplish the same purpose, which could be accomplished by both the remedies prescribed by the twenty-sixth and twenty-seventh sections, that is, the ascertainment of the amount due by the former, and the recovery of the estate by the latter. As a substitute for these proceedings, the debtor or his assignee was authorized by the provisions of the twenty-eighth section, to file a bill in equity, without a previous tender, and to have, by virtue of it, the amount ascertained by the Court, instead of being ascertained by three justices of the peace, and to have it brought into Court for the use of the creditor or his assignee, as equivalent to a tender. This having been done, if the creditor or his assignee refused to accept it, the debtor or his assignee might proceed under the bill and obtain a decree, that the title and possession should be restored to him as equivalent to a recovery of the estate, by a writ of entry.

But the debtor or his assignee, if he would elect to proceed by a bill in equity, must do so in sufficient season to have the amount ascertained and brought into Court for the acceptance of the creditor or his assignee, before the year allowed to redeem has expired. The language of the section does indeed declare, that " the debtor may bring a bill in equity for redemption, in the Supreme Judicial Court, at any time within one year after the levy, whether he has made any tender or not." But if he would have any advantage from it, he must be careful to do it in such season, as to enable him to perform all the other duties, required by other provisions of the statute.

When the Revised Statutes were enacted, the course of proceeding in courts of equity, was not very well understood in the community; and the framers of that section may have supposed, that the amount due would be ascertained immediately by an order of the Court, appointing some person for that purpose, without waiting for an answer to be filed. Any misapprehension respecting the benefit possibly to be obtained from such a course of procedure, cannot authorize a construction of that section, which would have the effect to destroy the whole

of the provisions of the statute, expressly designed to limit the right to redeem, to one year after the levy has been made.

That there was no intention by the provisions of the twenty-eighth section, to vary or destroy that limitation, may also be inferred from a note, made by the commissioners appointed to revise the statutes, attached to the ninety-fourth chapter. That note contains these words. "Sect. 29, 30. These change no principle, but simplify the adjustment of respective claims, by a court of equity." There is no remark made in those notes respecting the twenty-eighth section, but it was obviously intended to have been included, for it is the only section, which provides for such an adjustment by a court of equity. It would certainly have been a change of principle in our legislation, to have provided for the redemption of an estate from a levy made upon it at some indefinite time, when the parties to a process in equity, might be ready to present the case to the Court, for a final decree.

*Bill dismissed, with costs for respondents.*